Filed 3/28/23 P. v. Calderon CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050107 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 159531) |
| v. | |
| JUAN CARLOS CALDERON, | |
| Defendant and Appellant. | |

## THE COURT[1]

Defendant Juan Carlos Calderon appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[2]  For the reasons set forth below, we affirm the order.

### I. BACKGROUND

In 1993, a jury convicted Calderon of one count of second degree murder of his month-old son (§ 187, subd. (a)) and two counts of endangering the health of a child (§ 273a, subd. (1)).  In 1994, this court affirmed the judgment.  (*People v. Calderon* (Aug. 3, 1994, H011306) [nonpub. opn.].)

On June 3, 2021, Calderon filed a petition for resentencing under former section 1170.95.  The Superior Court denied the petition on July 8, 2021, stating that it appeared,

---

[1] Before Greenwood, P. J., Grover, J. and Danner, J.

[2] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no changes to the text. (Stats. 2022, ch. 58, § 10.)

based upon Calderon's arguments in the petition, that he was convicted of being the actual killer. Calderon did not appeal the order denying this petition for resentencing.

On November 22, 2021, Calderon filed a second petition under former section 1170.95. The court denied the petition on June 8, 2022, ruling that Calderon could not make a prima facie showing that that he was entitled to relief because the jury was not instructed on the theory of felony murder or the natural and probable consequences doctrine. Calderon timely appealed.

On appeal, counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). We notified Calderon that he could file a supplemental brief on his own behalf, and that failure to do so would result in the dismissal of the appeal as abandoned. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.) On December 8, 2022, and December 12, 2022, Calderon filed two separate supplemental briefs.[3]

## II. DISCUSSION

In his supplemental briefs, Calderon lists several problems with the order denying his resentencing petition. He contends that the trial court acted improperly by holding a virtual hearing with poor reception and without an interpreter and that counsel was ineffective. He further argues that the trial court erred in denying his section 1172.6 petition on the merits. Finally, Calderon raises various issues related to his original conviction, including alleged improper jury instructions and prosecutorial misconduct.

Calderon does not raise an arguable issue on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result

___

[3] After the completion of briefing in this case, we received a letter from Calderon requesting new counsel and have referred it to the Sixth District Appellate Project. Attached to the letter are motions raising issues that are duplicative of those raised by Calderon in his supplemental briefs, as well as an unfiled habeas petition that appears to be a duplicate of the habeas petition that was filed in this court on November 21, 2022 and denied on December 5, 2022 (case No. H050574).

will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Calderon's claim that the hearing on his resentencing petition was procedurally defective does not raise an issue in this appeal because he does not point to anything in the record demonstrating any due process violation or any objection thereto. Similarly, Calderon fails to identify any deficient conduct by trial counsel other than to say that counsel "used derogatory and unlawfully tainted actions" at the resentencing proceedings. Therefore, he fails to raise an arguable issue as to ineffective assistance of counsel.

Calderon's arguments that the jury was improperly instructed and that the prosecutor committed misconduct at his original trial cannot be raised in this appeal. As this court affirmed the judgment in 1994, the judgment is long final, and none of the issues related to the trial and judgment of conviction are arguable in this appeal from an order denying his resentencing petition pursuant to section 1172.6.

Calderon's also fails to raise an arguable issue regarding any error by the trial court in denying his section 1172.6 petition. Calderon contends that because his second degree murder conviction, based solely on the felony child endangerment count, was akin to a felony murder conviction, he was actually convicted based upon imputed malice, which is no longer allowed under current law. Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, amended sections 188 and 189, which pertain to the definition of malice and the degrees of murder. (Stats. 2018, ch. 1015, §§ 2-3.) As amended, section 188 provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2; § 188, subd. (a)(3).) The changes to the law were enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the

3

actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added section 1170.95, which permits a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.) "If the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner." (*Id.* at p. 992.) Because he believes he was convicted of a crime tantamount to felony murder, Calderon makes various arguments about why he is not the actual killer, did not act with the intent to kill, and alternatively was not a major participant in the underlying felony who acted with reckless indifference to human life. We need not address each element separately because Calderon's belief that his conviction is tantamount to a felony murder conviction is mistaken. He was convicted of second degree murder of his infant and he was also convicted of felony child endangerment. As the Superior Court stated, the jury was not instructed on felony murder and Calderon was convicted on the theory that he was the actual killer.

Because Calderon raises no arguable issue in his supplemental briefs, we must affirm the post-conviction order. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

### III. DISPOSITION

The June 8, 2022 order denying the resentencing petition is affirmed.

4